U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 8 2022

TONY R. MOORE, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:21-cr-00289-01 |
| | * | |
| VERSUS | * | |
| | * | JUDGE DAVID C. JOSEPH |
| JODY OSMER | * | MAGISTRATE JUDGE WHITEHURST |

<u>PLEA AGREEMENT</u>

A.    INTRODUCTION

This document contains the complete plea agreement between the government and JODY OSMER, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.    THE DEFENDANT'S OBLIGATIONS

JODY OSMER shall appear in open court and plead guilty to Count 1 of the indictment pending in this case.

C.    THE GOVERNMENT'S OBLIGATIONS

1.    If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the

indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment.

2.      The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his/her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.      SENTENCING

JODY OSMER understands and agrees that:

1.      The maximum punishment on Count 1  is a mandatory minimum imprisonment term of not less than fifteen (15) years nor more than thirty (30) years, per 18 U.S.C. § 2251(a); a fine of not more than $250,000, per 18 U.S.C. § 3571, or both.

2.      The defendant shall be required to pay a special assessment of $100 to be assessed at the Court's discretion **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3.      The defendant may receive a term of supervised release of not less than five (5) years and up to life, per 18 U.S.C. § 3583(k); in length in addition to any term of imprisonment imposed by the Court;

4.      A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5.      The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6.      In addition to the penalties set forth in the preceding paragraphs, the Court must order the defendant to make restitution to the victim(s) in this case, and that the amount of restitution and method of payment is at the discretion of the Court;

7.      Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.    The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his/her ability to pay restitution or fine that may be imposed by the Court;

9.    As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

10.    This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his/her counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11.    The sentencing judge alone will decide what sentence to impose; and

12.    The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.  ADAM WALSH ACT REGISTRATION REQUIREMENTS

The defendant has been advised and understands that pursuant to 18, United States Code, Sections 2250 and 3583(d), he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the requirements for registration include providing his/her name, residence address, and the names and addresses of any place where he is or will be an employee or a student,

among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects him/her to prosecution for failure to register, which is punishable by a fine or imprisonment or both.

F.    REINSTATEMENT OF ORIGINAL INDICTMENT

JODY OSMER understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

G.    ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86.  The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

H.    SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, JODY OSMER.   I concur in JODY OSMER pleading guilty as set forth in this plea agreement.

6-14-22
_____
Date

D. Talbot
_____
DUSTIN C. TALBOT, LA Bar No. 33404
Assistant Federal Public Defender
102 Versailles Boulevard, Suite 816
Lafayette, LA 70501
Telephone: (337) 262-6336

I have read this plea agreement and have discussed it with my attorney.   I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

6/14/22
_____
Date

_____
JODY OSMER
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

BRANDON B. BROWN
United States Attorney

_6·21·22_
Date

CRAIG R. BORDELON, II , LA Bar No. 33450
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618